UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
BENJAMIN STEPHENS, JR.,

                Plaintiff,

     - against -                               Case No. 13-cv-5779 (RA)(DF)
                                                        Oral Argument Requested

DONALD E. VENETTOZZI, et al.,

                Defendants.
------------------------------------------------------------------------x


# MEMORANDUM OF LAW IN OPPOSITION TO
# DEFENDANT SGT. HANN'S MOTION TO DISMISS


                                                      **JOSEPH HAGE AARONSON LLC**
                                                      Mara Leventhal
                                                      Christopher J. Stanley
                                                      Gila S. Singer
                                                      485 Lexington Avenue, 30th Floor
                                                      New York, New York 10017
                                                      Tel. (212) 407-1200
                                                     Fax (212) 407-1280

                                                     *Limited Appearance* Pro Bono *Counsel for*
                                                     *Benjamin Stephens*

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................1

FACTUAL BACKGROUND .....................................................................................................3

ARGUMENT .............................................................................................................................5

    I.    LEGAL STANDARD ...............................................................................................5

    II.    THE AC SUFFICIENTLY PLEADS A FAILURE TO INTERVENE CLAIM AGAINST HANN .......6

        A.  The AC Properly Pleads Hann's Failure to Intervene ............................................7

        B.  The AC Properly Pleads Hann's Deliberate Indifference........................................9

    III.    THE REMAINING DISMISSAL ARGUMENTS HAVE NO MERIT.........................................12

        A.  N.Y. CORRECTION LAW § 24 and Eleventh Amendment Official Capacity Bars Have No Application to Stephens' Claims ........................13

        B.  Hann Is Not Entitled to Qualified Immunity .........................................................14

CONCLUSION........................................................................................................................15

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Aziz Zarif Shabazz v. Pico*,
  994 F. Supp. 460 (S.D.N.Y. 1998) ..................................................................................11

*Best v. Bank of Am., N.A.*,
  No. 14-CV-6546 (JG) (LB), 2015 WL 5124463 (E.D.N.Y. Sept. 1, 2015) ..................3 n.2

*Bridgewater v. Taylor*,
  832 F. Supp. 2d 337 (S.D.N.Y. 2011)..............................................................................12

*Cosby v. Russell*,
  No. 9:10-CV-0595 (TJM/DEP), 2012 WL 1514836 (N.D.N.Y. Feb. 8, 2012),
  *report and recommendation adopted,* No. 9:10-CV-0595 (TJM/DEP), 2012 WL
  715250 (N.D.N.Y. Mar. 5, 2012).......................................................................................12

*Crawford v. Cuomo*,
  796 F.3d 252 (2d Cir. 2015)........................................................................................6, 11

*D'Attore v. New York City*,
  No. 10 CIV. 3102 (JSR)(MHD), 2011 WL 3629166 (S.D.N.Y. June 2, 2011)*,*
  *report and recommendation adopted as modified*, No. 10 CIV. 3102 (JSR)(MHD),
  2011 WL 3629018 (S.D.N.Y. Aug. 17, 2011) ...................................................................8

*Delgado v. N.Y.C. Dep't of Corr.*,
  No. 90 Civ. 0663 (VLB), 1993 WL 597452 (S.D.N.Y. Sept. 22, 1993) ............................7

*DeMeo v. Koenigsmann*,
  No. 11 Civ. 7099 (HBP), 2015 WL 1283660 (S.D.N.Y. Mar. 20, 2015) .........................13

*Dolan v. Connolly*,
  794 F.3d 290 (2d Cir. 2015).......................................................................................3 n.2

*Dwyer v. Regan*,
  777 F.2d 825 (2d Cir. 1985),
  *modified*, 793 F.2d 457 (2d Cir. 1986)...............................................................................13

*Eng v. Therrien*,
  No. 9:04-Civ-1146 (NAM/GHL), 2008 WL 141794 (N.D.N.Y. Jan. 11, 2008) ...............11

*Erickson v. Pardus*,
  551 U.S. 89 (2007)......................................................................................................5, 12

*Farmer v. Brennan*,
    511 U.S. 825 (1994) ............................................................................................... 6, 9, 10

*Hayes v. N.Y.C. Dep't of Corr.*,
    84 F.3d 614 (2d Cir. 1996) ............................................................................................. 8

*Haywood v. Drown*,
    556 U.S. 729 (2009) ..................................................................................................... 13

*Hernandez v. Goord*,
    No. 01 Civ. 9585 (SHS), 2013 WL 2355448 (S.D.N.Y. May 29, 2013) ..................... 6, 7

*In re Fosamax Prods. Liab. Litig.*,
    965 F. Supp. 2d 413 (S.D.N.Y. 2013) ............................................................................ 5

*Lewis v. Fischer*,
    No. 08-CV-3027 (JG) (LB), 2009 WL 689803 (E.D.N.Y. Mar. 12, 2009) ................... 9

*Morales v. N.Y. State Dep't of Corr.*,
    842 F.2d 27 (2d Cir. 1988) ............................................................................................ 7

*Okin v. Vill. of Cornwall-On-Hudson Police Dep't*,
    577 F.3d 415 (2d Cir. 2009) ........................................................................................ 14

*Porter v. Goord*,
    467 F. App'x 21 (2d Cir. 2012) ....................................................................... 1, 7, 10, 14

*Rosario v. Coughlin*,
    No. 88-CV-56, 1995 WL 57417 (N.D.N.Y. Feb. 8, 1995) .......................................... 12

*Sealed Plaintiff v. Sealed Defendant*,
    537 F.3d 185 (2d Cir. 2008) ....................................................................................... 5-6

*Smith v. Mensinger*,
    293 F.3d 641 (3d Cir. 2002) ........................................................................................ 12

*Tafari v. McCarthy*,
    714 F. Supp. 2d 317 (N.D.N.Y. 2010) ......................................................................... 12

*Taylor v. Vt. Dep't of Educ.*,
    313 F.3d 768 (2d Cir. 2002) ........................................................................................ 14

*Tellier v. Fields*,
    280 F.3d 69 (2d Cir. 2000) .......................................................................................... 14

*Trice v. Strack*,
    No. 94 CIV. 4470 (BSJ), 1998 WL 633807 (S.D.N.Y. Sept. 14, 1998) ...................... 10-11

*Walker v. Schult*,
    717 F.3d 119 (2d Cir. 2013) ................................................................................................6


## Rules & Statutes

N.Y. CORR. LAW § 24 .................................................................................................2, 12, 13

42 U.S.C. § 1983 ............................................................................................................1, 2, 13

Plaintiff Benjamin Stephens ("**Stephens**") respectfully submits the following memorandum of law in opposition to Defendant Sergeant John R. Hann's ("**Hann**") November 9, 2015 Motion to Dismiss the Amended Complaint (the "**Motion**"), and respectfully requests oral argument on the Motion.

## **PRELIMINARY STATEMENT**[1]

This civil rights action under 42 U.S.C. § 1983 concerns the humiliation, threats and physical assaults to which Stephens, an inmate at Green Haven Correctional Facility ("**Green Haven**"), has been subjected at the hands of Green Haven personnel. As set forth in the AC, between August 2010 and March 2012, Stephens was the victim of a spiral of escalating violence at the hands of corrections officers in retaliation for his filing grievances and writing letters of complaint about his treatment. As a result, Stephens has suffered embarrassment, fear and physical injuries including a seizure, a broken tooth, facial swelling and hearing loss. ¶¶69, 111, 191, 314, 316. Some of the assaults, including the one at issue on this motion, took place in the presence and full view of corrections personnel — like Hann — who stood idly by without lifting a finger to intervene on Stephens' behalf.

It is settled law that a corrections officer has an affirmative duty to intercede when he or she observes excessive force being used against an inmate. *See Porter v. Goord*, 467 F. App'x 21, 23 (2d Cir. 2012). For Hann, that duty was triggered on November 1, 2011, when, according to the AC, Hann observed co-defendant Prison Guard Sean D. Carlson threaten and curse at Stephens, and then engage in an unjustified, violent and abusive 'pat-frisk' of Stephens. ¶¶188-

---

[1] "¶_" refers to the Verified Amended Complaint ("**AC**") filed on December 8, 2014 (ECF No. 67). "**MTD**" refers to the Memorandum of Law in Support of Defendant Sgt. Hann's Motion to Dismiss dated November 9, 2015 (ECF No. 148). "**Ex. __**" refers to the Exhibits to the Declaration of Christopher J. Stanley dated December 7, 2015. Emphasis has been added to, and internal quotations, brackets and citations omitted from, quoted material in this brief, except as indicated.

94. But while Carlson choked Stephens and crushed his testicles, Hann looked on and did nothing.

Hann does not dispute his affirmative duty to intervene. Nor does he contend that the AC inadequately pleads that Carlson used excessive force in the pat-frisk of Stephens. Instead, Hann argues that the AC fails to adequately plead his deliberate indifference to the violent attack on Stephens that he passively witnessed. Hann is wrong.

First, the AC amply pleads facts from which it is plausible to infer that Hann was aware of a substantial risk of serious harm to Stephens — because Hann was in a position to hear Carlson's abusive threats and was looking at Carlson and Stephens during the assault — and disregarded that risk by taking no action. *See* § II.A, *infra*.

Second, Hann's attempts to dispute his subjective awareness of the assault he witnessed — based on arguments that he had no advance knowledge that the assault would take place, did not perceive the pat-frisk he witnessed as an assault, or did not have sufficient time to intercede — find no support in the AC and raise factual issues that cannot be addressed at the pleading stage. *See* § II.B, *infra*.

Finally, all of the technical defenses Hann asserts are inapposite. Applying N.Y. CORRECTION LAW § 24 to Stephens' claim against Hann, which is pursuant to 42 U.S.C. § 1983, would violate the Supremacy Clause. *See* § III.A, *infra*. The Eleventh Amendment does not prohibit monetary relief against Hann in his personal capacity. *See* AC at p. 64A (Relief); ¶¶319-341. *See* § III.A, *infra*. And because Hann has not demonstrated (nor can he demonstrate) entitlement to a good faith belief that his conduct was lawful based on the allegations in the AC, his attempt to dismiss based on qualified immunity must also fail. *See* § III.B, *infra*.

Hann's motion to dismiss should therefore be rejected.

## FACTUAL BACKGROUND[2]

**The Parties**.  Plaintiff Stephens is an inmate at Green Haven.  Defendant Hann served as sergeant at Green Haven during the relevant time period.  The AC sets forth claims against 25 additional defendants, all of whom served as employees of Green Haven and/or the New York State Department of Corrections and Community Supervision ("**DOCCS**") in the relevant time period.  *See* AC at pp. 1A-3A (Defendants).  Stephens has voluntarily dismissed his claims against 11 of these defendants.  *See* Notice of Voluntary Dismissal (ECF No. 138).  Another 11 defendants, including Carlson, have already answered the AC and discovery has commenced, and the final three defendants have separately moved to dismiss; their motion is pending and has been fully briefed.[3]  Because the allegations of the AC address incidents spanning years, each of which involved only certain of the Defendants, Stephens focuses this factual recitation on the allegations that involve Hann and bear most directly on this Motion.

**Stephens' Request to Transfer**.  Following a series of incidents including denials of Stephens' access to lavatories, *see* ¶¶6-22, 27-41, 43-49, and retaliatory physical assaults, *see*,

---

[2]   The facts, which must be presumed true for purposes of this motion, *Dolan v. Connolly*, 794 F.3d 290, 293 (2d Cir. 2015), are set forth (1) in the AC and (2) in a document incorporated into the AC (Ex. A), *Best v. Bank of Am.*, *N.A.*, No. 14-CV-6546 (JG) (LB), 2015 WL 5124463, at *2 (E.D.N.Y. Sept. 1, 2015).  A more comprehensive recitation of the facts of this case is set forth in Plaintiff's Opposition to the Motion to Dismiss Claims Against 14 Defendants dated September 30, 2015 (ECF No. 139).

[3]   The answering defendants are Assistant Director of Special Housing/Inmate Disciplinary Programs Donald E. Venettozzi, Commissioner's Hearing Officer Bruce Levine, Lieutenant Mark A. Tokarz, Sergeant Robert J. Cocuzza, Correction Officer (or "**CO**") Jason Destefano, CO Richard Smith, CO Ronald Corbin, CO Michael LePage, Sergeant Matthew Scull, Prison Guard Sean Carlson and Sergeant Michael Mrzyglod.  *See* Answer (ECF No. 79); Answer (ECF No. 127); Discovery Schedule (ECF No. 122).  The other moving defendants are William Lee, the former Superintendent of Green Haven, CO Robert Snedeker and CO Daniel D'Angelico.  *See* Notice of Motion to Dismiss (ECF No. 118); Memorandum of Law in Support of Motion to Dismiss (ECF No. 119); Memorandum of Law in Opposition to Motion to Dismiss (ECF No. 139); Reply Memorandum of Law in Support of Motion to Dismiss (ECF No. 143).

3

*e.g.*, ¶¶54-67, 85-87, 151-59, on October 26, 2011, Stephens wrote a letter to Defendant William Lee, then-Superintendent of Green Haven, requesting a transfer from his housing block, A-Block, because he feared additional retaliation by A-Block staff, ¶171; *see also* Ex. A. Members of A-Block staff had recently assaulted prisoners in three other incidents, and one of Stephens' own aggressors worked there, Ex. A at 2-3; *see also* ¶174, causing Stephens to fear that he would be "physically assaulted, subjected to fabricated misbehavior report(s), falsely accused of possessing a weapon(s), drug(s), etc.," and that such physical assault might "occur during an alleged pat-frisk procedure." Ex. A at at 6. Lee denied the request on October 28, 2011. ¶178.

**The November 1, 2011 Assault**. Four days later, on November 1, 2011, Defendant Carlson pulled Stephens out of the breakfast serving line in the dining area, asking what Stephens had placed in his pocket. ¶¶183-85. Stephens replied that he had only a wallet and pen in his pocket. ¶186. Carlson ordered Stephens to exit the dining area. *Id*. As he exited, Stephens noticed Hann, the sergeant assigned to supervise the area, standing next to the exit in a position to view and hear what was happening both inside and immediately outside. ¶188-89.

Outside the dining area, Carlson directed Stephens to remove everything from his pockets and place his hands on the wall "in Pat-Frisk position." ¶¶186, 189. Carlson told Stephens, "Me and other Officers in the Block [A-Housing Area] know about your bullshit letter to the Superintendent[], complaining about us and your fuckin' fears. If you know what's best for you, don't ever mention my name in your fuckin' letters or mouth; do I make myself absolutely clear?" ¶190. When Stephens did not respond, Carlson said, "So ... you want to be a smart-ass?" and immediately began his assault. ¶191. Standing directly behind Stephens, who was standing with his hands against the wall, Carlson pulled on Stephens' shirt collar with his left hand until it was so tight around Stephens' neck that it choked him, while using his right hand to "forcefully

4

yank-up" the waistband of Stephens' pants to make them painfully tight at Stephens' crotch. *Id*. Carlson then pushed his hand along each of Stephens' legs from his ankles, "thrust[ing]" up into Stephens' testicles and crotch. *Id*. During the assault, Stephens saw Hann standing immediately outside the dining area exit, looking in his direction. ¶192. Hann did not intercede or attempt to stop the violence in any way, nor did he authorize the pat-frisk. ¶¶193-94.

When he finished, Carlson ordered Stephens to put his hands in his pockets while another guard searched Stephens' belongings, then placed them back in Stephens' pockets and escorted him to his housing block. ¶¶195-97. Stephens later learned he had been placed on "Keep-Lock" status, ¶198, and the following day, November 2, 2011, Carlson filed a false misbehavior report against Stephens. ¶202. At the subsequent disciplinary hearing, Stephens was found guilty of three violations and punished with 30 days of Keep-Lock status and loss of his package, commissary and phone privileges. ¶¶208-13.

Carlson's violent assault of Stephens had left Stephens in such pain to his neck and testicles that he needed to request medical care for the following morning. ¶200; *see also* ¶223.

## ARGUMENT

I.   **LEGAL STANDARD**

Dismissal pursuant to Rule 12(b)(6) is appropriate only where "accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that the plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests." *In re Fosamax Prods. Liab. Litig.*, 965 F. Supp. 2d 413, 415 (S.D.N.Y. 2013). A complaint by a *pro se* litigant like Stephens "is to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Second Circuit has held that "dismissal of a *pro se* claim as

5

insufficiently pleaded is appropriate only in the most unsustainable of cases," *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), and a *pro se* litigant's complaint "must be construed liberally to raise the strongest arguments [it] suggest[s]." *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013). Under this standard, as set forth below, Hann's motion to dismiss must be denied.

## II. THE AC SUFFICIENTLY PLEADS A FAILURE TO INTERVENE CLAIM AGAINST HANN

The Eighth Amendment's prohibition on cruel and unusual punishment "imposes duties on [prison] officials, who must provide humane conditions of confinement," including the duty to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To state an Eighth Amendment claim, a prisoner must allege that (1) the conduct was "sufficiently serious to reach constitutional dimensions," and (2) "the defendant acted with a subjectively sufficiently culpable state of mind." *Crawford v. Cuomo*, 796 F.3d 252, 254 (2d Cir. 2015). Moreover, "[a] corrections officer who stands by as a prisoner's Eighth Amendment rights are violated can himself be liable pursuant to section 1983, provided that he permitted an assault to continue with deliberate indifference." *Hernandez v. Goord*, No. 01 Civ. 9585 (SHS), 2013 WL 2355448, at *11 (S.D.N.Y. May 29, 2013) (denying summary judgment).

As detailed below, the AC adequately pleads that Hann observed Defendant Carlson use excessive force against Stephens, but stood idly by. Hann does not dispute his duty to intervene to prevent an assault. Instead, Hann seeks to disprove his "deliberate indifference" based on his purported lack of advance knowledge of the assault, failure to perceive the assault that took place in his presence and insufficient opportunity to intervene — but these arguments go beyond, and contradict, Stephens' allegations in the AC and, at a minimum, will require factual discovery to establish and test. None of Hann's arguments remotely supports dismissal.

6

A.      **The AC Properly Pleads Hann's Failure to Intervene**

Dismissal is improper where, as here, the AC alleges that the "corrections officer [stood] by as a prisoner's Eighth Amendment rights are violated." *Hernandez*, 2013 WL 2355448, at *11 (denying summary judgment); *see also Porter*, 467 F. App'x at 23 (law officer "is liable for the preventable harm caused by the actions of the other officers where that officer observes or has reason to know ... that excessive force is being used."); *Morales v. N.Y. State Dep't of Corr.*, 842 F.2d 27, 30 (2d Cir. 1988) (reversing § 1983 dismissal where the complaint alleged that the guard "stood by and permitted [another inmate] to attack"); *Delgado v. N.Y.C. Dep't of Corr.*, No. 90 Civ. 0663 (VLB), 1993 WL 597452, at *3 (S.D.N.Y. Sept. 22, 1993) ("the plaintiff and inmate Cromwell testified generally that Officer Jones was at the scene, while inmate Aliaga specifically stated that this officer was present during the altercation. Accordingly, there is a factual dispute regarding whether this defendant was at least in a position to intervene to prevent the alleged excessive use of force.").

Hann does not dispute that an affirmative duty to intervene "arises when [a corrections officer] has a reasonable opportunity to intercede," *Delgado*, 1993 WL 597452, at *3, and "observes or has reason to know ... that excessive force is being used," *Porter*, 467 F. App'x at 23; *see* MTD at 7-8. Nor does he contend that the pat-frisk of Stephens at issue was not "sufficiently serious." He cannot, because the AC plainly alleges that Hann failed to intervene and stood by while Stephen's Eighth Amendment rights were violated, as follows:

- After cursing at and taunting Stephens, ¶190, Carlson violently assaulted Stephens while he conducted a pat-frisk. ¶191. Carlson was "pulling on and balling-up [Stephens'] shirt collar" to the point that it was "taut and choking-tight around [Stephens'] neck" and "forcefully yank[ing up] [Stephens'] pants" to

7

- make them "extremely taut in the crotch area" while "thrust[ing his] hand upward into [Stephens'] testicles and crotch." *Id*.  Carlson's attack was so violent that Stephens required medical care within the day.  ¶¶200, 223.

- When the assault on Stephens took place, Hann — who was an assigned supervisor in the area, ¶188 — "was standing immediately near" the site of the assault, *id.*, and was "looking in the direction of [Stephens] and [Defendant] Carlson." ¶192; *see also* ¶189.

- Although Hann observed and was in a position to hear Carlson's assault on Stephens, "[a]t no time … did [ ] Hann intercede or otherwise stop [the] same." ¶193.

Because Stephens has alleged facts from which it is plausible to infer that Hann was aware of a substantial risk of serious harm to plaintiff and disregarded that risk, Hann's motion to dismiss should be denied.  *See Hayes v. N.Y.C. Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996) ("a prison official has sufficient culpable intent if he has knowledge that an inmate faces a substantial risk of serious harm and he disregards that risk by failing to take reasonable measures to abate the harm"); *D'Attore v. New York City*, No. 10 CIV. 3102 (JSR)(MHD), 2011 WL 3629166, at *8-9 (S.D.N.Y. June 2, 2011) (finding deliberate indifference adequately plead where "plaintiff has alleged facts from which it is plausible to infer that defendants [ ] were aware of a substantial risk of serious harm to plaintiff and disregarded that risk" and noting that "[e]ven a one-line statement that defendants had actual knowledge of the alleged conditions may be sufficient to defeat defendants' motion to dismiss"), *report and recommendation adopted as modified*, No. 10 CIV. 3102 (JSR)(MHD), 2011 WL 3629018 (S.D.N.Y. Aug. 17, 2011).

B.     **The AC Properly Pleads Hann's Deliberate Indifference**

Because the well-pleaded allegations clearly state a claim for failure to intervene, Hann instead disputes as a matter of fact his subjective awareness of, or ability to prevent, the assault on Stephens that the AC alleges Hann passively witnessed. Similar arguments were raised and rejected in *Lewis v. Fischer*, No. 08-CV-3027 (JG) (LB), 2009 WL 689803 (E.D.N.Y. Mar. 12, 2009) (ECF No. 150) (transcript of ruling denying motions for summary judgment), *available as* Ex. B, at the summary judgment stage. There, an inmate alleged that a corrections officer "fondled his penis without his consent during a frisk and that, when he complained [the officer], squeezed his testicles so hard that he defecated," *id.* at 31:18-21, and, further, that he was subjected to this abuse "for as long as ten seconds while [other] officers watched from a few feet away." *Id.* at 30:18-20. The court rejected the defense of officers subject to failure to intervene claims — that they had no way of knowing that the frisk was in fact an abusive assault — because a "claim that they didn't observe any unlawful conduct" raised a fact issue for the jury. *Id.* at 31:8-11. As in *Lewis*, Hann's professed ignorance and lack of opportunity to intervene is at best a factual defense, assuming it can be substantiated by evidence in discovery. It cannot be accepted on a motion to dismiss.

Hann's factual arguments — that he (1) had no advance knowledge that Carlson would assault Stephens, (2) was not aware that an assault was taking place or (3) had no opportunity to intercede because the assault happened so quickly, MTD at 8-12 — are also otherwise unavailing, for several reasons.

First, as Hann concedes, deliberate indifference requires that "the official knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837; MTD at 8. Hann's contention that he had no advance knowledge of a threat to Stephens is belied by the fact

9

that Hann was able to hear Carlson curse at and threaten Stephens immediately ***before*** the assault, which Hann witnessed, took place.  ¶192.  It is also irrelevant because advance knowledge that an assault will, or is likely to, take place is not required to demonstrate deliberate indifference.  The AC need only plead that Hann "*observe[d]* or ha[d] reason to know ... that excessive force [was] being used," *Porter*, 467 F. App'x at 23, which is precisely what Stephens' AC alleges.  *See* ¶¶188, 191-92, 200, 223 and *supra* at § II.A.

Second, Hann maintains that there is no allegation that "Hann otherwise had any actual awareness of the risk to plaintiff's safety," and that "the only allegation of Hann's state of mind is that days later he testified at plaintiff's disciplinary hearing that he had not authorized the pat frisk." MTD at 8-9.  But Hann's argument ignores the AC's allegations from which his state of mind can be inferred: that Hann was looking at Stephens and Carlson "during" the abusive pat-frisk, as Carlson was choking Stephens with his own shirt and "forcefully yank[ing up] [Stephens'] pants" to make them "extremely taut in the crotch area" while "thrust[ing]" his hand into Stephens' testicles.  ¶191.  As discussed above, an officer's presence and failure to intercede during an assault is sufficient to plead deliberate indifference and to withstand dismissal.  *See supra* § II.A; *see also Farmer*, 511 U.S. at 837; Ex. B at 30:18-31:21.

Hann's reliance on *Trice v. Strack*, No. 94 CIV. 4470 (BSJ), 1998 WL 633807, at *2 (S.D.N.Y. Sept. 14, 1998), for the proposition that an officer's "mere presence" during an assault by another officer is insufficient to plead an Eighth Amendment violation is misplaced.  MTD at 9.  In *Trice*, the defendant who allegedly failed to intervene in fact "took reasonable steps to ensure plaintiff's safety," including by instructing the other officers to "relax" and "stop the leg lock" and by "calm[ing] everything down before completing the strip search without further incident." *Trice*, 1998 WL 633807, at *2.  In granting dismissal, *Trice* observed that deliberate

10

indifference could not be established where "*plaintiff does not allege that Griffin stood idly by during the alleged incident* or that there was a time where Griffin failed to take reasonable action to stop the alleged beating." *Id*. The instant case presents the opposite scenario: because Stephens does allege that Hann stood idly by during the alleged assault, deliberate indifference may be established under *Trice*.

Hann's alternative attempt to argue that "witnessing a pat frisk would not itself alert Hann to the possibility of an assault," MTD at 11, is equally unavailing because it ignores the facts alleged. As noted above, the AC does not allege that Hann simply witnessed a routine pat-frisk. Hann could hear Carlson curse at and threaten Stephens before he began his assault. ¶¶190-91. The AC pleads that Hann then looked on and stood by while Carlson choked Stephens and crushed Stephens' testicles. ¶¶191-92. But none of the authorities Hann cites regarding "the normal protocol of a pat frisk" remotely suggest that choking an inmate or injuring his genitals is routine. *See*, *e.g.*, *Crawford*, 796 F.3d at 254 ("A corrections officer's intentional contact with an inmate's genitalia or other intimate area, which serves no penological purpose and is undertaken with the intent to gratify the officer's sexual desire or to humiliate the inmate, violates the Eighth Amendment.") (*see* MTD at 10); *Eng v. Therrien*, No. 9:04-Civ-1146 (NAM/GHL), 2008 WL 141794, at *7, 10 (N.D.N.Y. Jan. 11, 2008) (noting that DOCCS Directive 4910, which authorizes pat-frisks, provides that "[t]he employee conducting a personal search must ... not offend the dignity of the inmate being searched" and dismissing Eighth Amendment claims because there was a "lack of any evidence that any of the pat frisks involved an intentional and/or sexual handling of Plaintiff's genitals") (*see* MTD at 10); *Aziz Zarif Shabazz v. Pico*, 994 F. Supp. 460, 472 (S.D.N.Y. 1998) ("A 'pat frisk' is a search by hand of an inmate's person[.]") (*see* MTD at 9).

11

Finally, Hann takes the position that the AC does not allege facts that gave him a sufficient opportunity to intervene on Stephens' behalf. But the AC clearly alleges Hann's close proximity to Stephens and Carlson when the assault he witnessed took place. *See* ¶¶188, 190-94. These factual allegations demonstrate that Hann had the means and opportunity to see an assault in his direct line of sight (and to hear the assault in progress), and to intercede. *See Smith v. Mensinger*, 293 F.3d 641, 652 (3d Cir. 2002) (district court erred in dismissing failure to protect claim against correctional officer based on allegations that he was watching at the door of the office where plaintiff was beaten by other officers); *Cosby v. Russell*, No. 9:10-CV-0595 (TJM/DEP), 2012 WL 1514836, at *6 (N.D.N.Y. Feb. 8, 2012), *report and recommendation adopted,* No. 9:10-CV-0595 (TJM/DEP), 2012 WL 715250 (N.D.N.Y. Mar. 5, 2012) (denying motion to dismiss a failure to intervene claim against correctional officers who were present while other officers beat and severely injured plaintiff). The cases Hann cites — *Tafari v. McCarthy*, 714 F. Supp. 2d 317, 342 (N.D.N.Y. 2010) (no duty to intervene where one CO threw urine and feces on inmate because the incident was "too sudden and brief to give Defendants a realistic opportunity to respond"), and *Bridgewater v. Taylor*, 832 F. Supp. 2d 337, 347 (S.D.N.Y. 2011) (no duty to intervene for CO who was not near assault, and had no knowledge of it) — are factually inapposite.

For the foregoing reasons, Stephens' allegations — liberally construed as the allegations of *pro se* litigants must be, *see supra* at § I — amply plead a claim against Hann for failure to intervene. *See Erickson*, 551 U.S. at 94; *Rosario v. Coughlin*, No. 88-CV-56, 1995 WL 57417, at *8 (N.D.N.Y. Feb. 8, 1995) (COs breached their duty to intervene by allowing other COs to use excessive force). Hann's motion to dismiss should be denied.

### III.    THE REMAINING DISMISSAL ARGUMENTS HAVE NO MERIT

Hann's remaining arguments similarly do not compel dismissal. As set forth below, N.Y.

CORRECTION LAW § 24 has no application to, and does not bar, claims (like Stephens') pursuant to 42 U.S.C. § 1983. Nor does the Eleventh Amendment constrain the availability of monetary relief from Hann in his personal capacity. Finally, the qualified immunity defense is not available based on the allegations of Stephens' AC.[4]

### A.  N.Y. CORRECTION LAW § 24 and Eleventh Amendment Official Capacity Bars Have No Application to Stephens' Claims

All of Stephens' claims — including against Hann — arise under 42 U.S.C. § 1983 and seek monetary relief against defendants in their personal capacity.[5] *See* AC at 64A (Relief); ¶¶319-341. N.Y. CORRECTION LAW § 24, which immunizes employees of the Department of Corrections against certain state law claims, is entirely inapposite. *See Haywood v. Drown*, 556 U.S. 729, 729 (2009) (holding that that the application of N.Y. CORRECTION LAW § 24 to § 1983 claims violates the Supremacy Clause); *DeMeo v. Koenigsmann*, No. 11 Civ. 7099 (HBP), 2015 WL 1283660, at *18 (S.D.N.Y. Mar. 20, 2015) (N.Y. CORRECTION LAW § 24 "does not bar Section 1983 claims against DOCCS employees"); MTD at 7. The Eleventh Amendment is equally unavailing. *See Dwyer v. Regan*, 777 F.2d 825, 835 (2d Cir. 1985), *modified*, 793 F.2d 457 (2d Cir. 1986) ("[S]uits for monetary awards from a state official in his individual capacity ... are not deemed suits against the state and hence are not barred."). Neither N.Y. CORRECTION LAW § 24 nor the Eleventh Amendment support dismissal of Stephens' claims against Hann.

---

[4]  Hann also devotes nearly two pages of his Motion to an argument that there is no allegation showing that Hann had a retaliatory motive. MTD at 12-13. Hann ignores that Stephens alleges only that "Hann failed to properly supervise and prevent [the use of] excessive force by [Defendant] Carlson, thus creating a deliberate indifference towards [Plaintiff's] care and custody," and does not allege a claim of retaliation against him. ¶336.

[5]  Stephens additionally seeks injunctive relief against all defendants currently employed by DOCCS and/or Green Haven in their official capacities. *See* AC at 64A (Relief); ¶¶319-341. Because Hann is now retired, MTD at 7 n.3, Stephens does not seek injunctive relief with respect to Hann.

### B.     <u>Hann Is Not Entitled to Qualified Immunity</u>

Qualified immunity protects only officials "act[ing] with a good faith belief that their behavior comports with constitutional and statutory directives." *Tellier v. Fields*, 280 F.3d 69, 86 (2d Cir. 2000). However, where "no officer of reasonable competence would conclude that the conduct in question is lawful, there is no immunity." *Okin v. Vill. of Cornwall-On-Hudson Police Dep't*, 577 F.3d 415, 433 (2d Cir. 2009). Where qualified immunity turns on "factual questions," its application on a motion to dismiss would be premature. *Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768, 793 (2d Cir. 2002). Taking the AC's allegations as true, as the Court must on the motion, Hann cannot demonstrate the availability of a qualified immunity defense.

As Hann concedes, pleading deliberate indifference — the very opposite of reasonably competent conduct necessary for qualified immunity — is sufficient to withstand dismissal for a failure to protect inmates. *See* MTD at 7-8 (citing *Farmer*, 511 U.S. at 829). The AC adequately pleads Hann's deliberate indifference and failure to intervene to prevent the use of excessive force against an inmate when he had a reasonable opportunity to intercede. *See supra* at § II. These same allegations undercut a qualified immunity defense premised on Hann's supposed "mere presence somewhere in the vicinity of an assault." MTD at 14. No reasonably competent official could conclude that failure to intervene in an attack that he could hear and see, especially while acting in a supervisory capacity, was lawful conduct. *See Porter*, 467 F. App'x at 23. Accordingly, Hann is not entitled to qualified immunity or dismissal therefor.

## **CONCLUSION**

For the foregoing reasons, Defendant Hann's motion to dismiss should be denied.

Dated:   December 7, 2015
         New York, New York

                                        Respectfully submitted,


                                        JOSEPH HAGE AARONSON LLC

                                        By:        */s/ Mara Leventhal*
                                             Mara Leventhal
                                             Christopher J. Stanley
                                             Gila S. Singer
                                        485 Lexington Avenue, 30th Floor
                                        New York, New York 10017
                                        Tel: (212) 407-1200
                                        Fax: (212) 407-1280

                                        *Limited Appearance* Pro Bono *Counsel for Plaintiff Benjamin Stephens, Jr.*

771021