UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────┐
│ USDC-SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC#:                                │
│ DATE FILED: 8/5/2016                 │
└─────────────────────────────────────┘
```

BENJAMIN STEPHENS,

                Plaintiff,

         v.

D. VENETTOZZI, *et al*.

                Defendants.

No. 13-CV-5779 (RA)

OPINION ADOPTING
REPORT AND RECOMMENDATION

RONNIE ABRAMS, United States District Judge:

Plaintiff Benjamin Stephens filed a complaint pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was incarcerated at Green Haven Correctional Facility ("Green Haven"). Before the Court are two motions to dismiss the Amended Complaint brought by four Defendants: Superintendent William A. Lee, Correction Officer Robert Snedeker, Correction Officer Daniel D' Angelico, and Correctional Sergeant John Hann. Magistrate Judge Debra Freeman issued a Report and Recommendation (the "Report"), recommending that the Court deny the motions except for the motion to dismiss one claim against Lee. The Report also recommends allowing Plaintiff the opportunity to replead the dismissed claim. Only Lee and Stephens filed objections to the Report. For the following reasons, the Court adopts the thorough and well-reasoned Report in its entirety. The Court assumes familiarity with the facts, which are repeated below only to the extent necessary to evaluate the objections.

## STANDARD OF REVIEW

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Where a party submits timely objections to a report and

recommendation, the district court reviews *de novo* the parts of the report and recommendation to which the party objected." *Lang ex rel. Morgan v. Astrue*, No. 05-CV-763 (KMK), 2008 WL 4829946, at *1 (S.D.N.Y. Nov. 5, 2008); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). "To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record." *Bowen v. Patrick*, No. 14-CV-4799 (JMF), 2012 WL 4320537, at *1 (S.D.N.Y. Sept. 20, 2012). "This standard of review must be applied while remaining cognizant of the court's obligation to construe a *pro se* litigant's submissions liberally in the light that they raise the strongest possible arguments that they suggest." *Ganao v. United States*, No. 08-CV-9313 (RO), 2011 WL 924202, at *2 (S.D.N.Y. Mar. 16, 2011).

## DISCUSSION

Plaintiff Stephens and Defendant Lee raise three objections to the Report:[1] (1) Lee objects to the Report's conclusion that the Amended Complaint states a claim for his deliberate indifference to the November 1, 2011 assault; (2) Stephens objects to the Report's recommendation to dismiss, without prejudice, his claim against Lee for deliberate indifference to the March 23, 2012 assault; and (3) Lee objects to affording Stephens a second opportunity to amend his complaint.

## I.   November 1, 2011 Assault

Lee first objects to the Report's recommendation that this Court deny his motion to dismiss Stephens' deliberate indifference claim stemming from the November 1, 2011 assault. Def.'s Obj. at 8 (citing Report at 42). Lee makes two arguments, both of which are rejected.

---

[1] After Judge Freeman issued her Report, and no objections were placed on the docket, the Court issued an opinion indicating it found no clear error. *See* Dkt. 177. Upon request of Stephens and Lee, however, the next day, the Court permitted them to file their objections. *See* Dkt. 178.

Lee first argues that Stephens' October 26, 2011 letter to Lee (the "Letter"), which contained "the hearsay claim that three other inmates had been assaulted by unidentified staff in undescribed circumstances," was a "'vague concern[] of future assault by unknown individuals' . . . which do[es] not put an official on notice of a risk of harm." Def.'s Obj. at 9–10 (quoting Report at 41). Lee asserts that "it is simply not plausible to believe that an entire housing block staff, even if limited to one of the three tours, is a threat to assault an inmate like plaintiff who had just arrived on the block." *Id.* at 11. The Court disagrees.

Although an inmate cannot "rely on allegations that prison officials knew of 'issues of prison safety in the most general sense,'" it is sufficient to allege "that the defendants knew of a specific hazardous condition." *Warren v. Goord*, 476 F. Supp. 2d 407, 412 (S.D.N.Y. 2007) (quoting *Melo v. Combes*, No. 97-CV-0204 (JGK), 1998 WL 67667, at *5 (S.D.N.Y. Feb. 18, 1998)). Here, "while Plaintiff did not identify by name the officer who he believed would assault him, he did identify the threat as emanating from the officers on a particular tour, rather than the entire group of A-Block officers." Report at 42. The Court thus agrees with the Report that the Letter—in conjunction with Plaintiff's history of complaints—adequately alleges that Lee was on notice of a specific hazardous condition Stephens claims he faced. *See Nelson v. Overberg*, 999 F.2d 162, 166 (6th Cir. 1993) (noting that an inmate's letters that alerted officials to the presence of his enemies in his housing unit but did not identify any specific individuals "would have alerted a reasonable prison official that more action needed to be taken . . . to protect [plaintiff's] Eighth Amendment rights."). That Stephens' accusations are against officers instead of inmates, and that he did not name the officers, does not alter this Court's analysis. *See Cash v. Cty. of Erie*, 654 F.3d 324, 339 (2d Cir. 2011) (reversing dismissal of deliberate indifference claims because prison officials were on notice of the risk of sexual assaults by corrections officers); *Hayes v. New York*

3

*City Dep't of Corr.*, 84 F.3d 614, 621 (2d Cir. 1996) ("[T]he issue is not whether Hayes identified his enemies by name to prison officials, but whether they were aware of a substantial risk of harm to Hayes.").

Lee also argues that the Amended Complaint "affirmatively establishes the absence of deliberate indifference." Def.'s Obj. at 13. To successfully prove deliberate indifference, he correctly notes, "[t]he charged official must be subjectively aware that his conduct creates . . . a risk [of harm]," or, in other words, a defendant is not liable if he sincerely believes "that his conduct poses no risk of serious harm (or an insubstantial risk of serious harm)." *Salahuddin v. Goord*, 467 F.3d 263, 281 (2d Cir. 2006). Relying on this precedent, Lee asserts that because he "promptly responded to [Stephens' Letter detailing] allegations of threat by telling the inmate that he needed more information to investigate," the Amended Complaint "affirmatively establishes the absence of deliberate indifference." Def.'s Obj. at 13 (citing Am. Compl. ¶ 178).

Even if Lee's response is evidence of his state of mind, it nonetheless remains plausible that he possessed the requisite intent. To conclude otherwise would require the Court, based solely on Lee's response, to draw an inference in his favor regarding his state of mind, contrary to the Court's obligation to "draw[] all inferences in the plaintiff's favor" in evaluating this motion to dismiss. *Kozey v. Quarles*, 252 F. App'x 387, 387 (2d Cir. 2007). Lee "may, of course, introduce proof that [he was] not so aware [of the risk], such as testimony that '[he] knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent,'" *Salahuddin*, 467 F.3d at 281 (quoting *Farmer v. Brennan*, 511 U.S. 825, 844 (1994)), but he cannot sustain a motion to dismiss on this basis. The argument is rejected.

4

## II.    March 23, 2012 Assault

For his part, Stephens objects to the Report's recommendation that the Court dismiss his claim that Lee was deliberately indifferent to the March 23, 2012 assault. He argues that the Report erred in finding that Stephens' allegations detailing Lee's involvement—after Stephens was transferred following the November 1, 2011 assault—"are insufficient to permit a reasonable inference that Lee was deliberately indifferent." Report at 44. Judge Freeman supported her recommendation based on "the extensive gaps between each alleged outbreak of violence, along with the lack of any allegations indicating that Plaintiff was subjected to retaliation or excessive force [once transferred]." *Id.* Stephens, by contrast, contends that the "gap" between assaults was not long, especially in light of a grievance he filed shortly after his transfer asserting that Corrections Officer Keith Chase, who "warned [that] 'Carlson is my buddy, and we can cause all sort[s] of problems for you—no matter where you are housed in this Facility.'" Pl.'s Obj. at 7 (quoting Am. Compl. ¶ 250).

The Court agrees with Lee that the correction officer's threat was "the kind of general threat held to be insufficient to form the basis for a deliberate indifference claim." Def.'s Resp. at 6; *see also* Report at 41. The Complaint identifies as the perpetrators of the March 23, 2012 assault Officers Mrzyglod, Snedeker, and D'Angelico. Because the Amended Complaint does not allege that either Officer Carlson or Chase participated in the March 23, 2012 assault, Chase's purported threat was insufficiently specific to warn Lee of the assault by other officers. *See Lewis v. Cunningham*, 483 F. App'x 617, 619 (2d Cir. 2012) ("[A] vague complaint is insufficient to permit a jury to find that a prison official's failure to act in response was deliberate indifference.").

The Second Circuit's summary order in *Lewis v. Swicki*, 629 F. App'x 77 (2d Cir. 2015), is not to the contrary. In that case, "the alleged threat was that [the plaintiff] would be harmed in

5

the 'near future'" and the circuit rejected the district court's conclusion that there was no deliberate indifference because "the assault did not occur until nearly six months later." *Id.* at 79. Here, Judge Freeman did not determine that Lee discounted a specific threat because too much time had elapsed, but that there was no specific threat following Stephens' transfer that would "permit a reasonable inference that Lee was deliberately indifferent." Report at 44.[2]

Stephens next argues that the Report erred in refusing to recommend that this Court take judicial notice of the CANY Report. *See* Pl.'s Obj. at 11. But Lee is correct that the cases cited by Stephens indicate that judicial notice may be taken of publically available reports only for the fact of their publication. *See* Def.'s Resp. at 13. It would be improper for the Court to credit—through the taking of judicial notice—the truth of a particular piece of information not included in the Amended Complaint. *See Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) ("[The material judicially noted] was not relied on for its truth, and so was not a ground for decision and does not run afoul of the rule that a district court must confine itself to the four corners of the complaint when deciding a motion to dismiss under Rule 12(b)(6)." (internal quotation marks and citation omitted)).

## III.    Leave to Amend

Finally, Lee objects to the Report's recommendation that Stephens receive another opportunity to replead his deliberate indifference claim stemming from the March 23, 2012 incident. *See* Def. Obj. 14–15. He contends that because the Amended Complaint already contains copious detail, by allowing Stephens the opportunity to replead *pro se*, "it is not likely that [he]

---

[2] *Walker v. Shaw*, No. 08-CV-10043 (CM), 2010 WL 2541711 (S.D.N.Y. June 23, 2010), cited by Stephens, is also inapposite. That case concerned a prison's placing the plaintiff in housing with rival gang members. *Id.* at *10. Here, in contrast, Stephens was assaulted after being transferred into a housing block "where he had previously indicated that he had suffered no abuse." Report at 43 (citing Def.'s Resp. at 7).

will be able to add additional facts with respect to Supt. Lee," and the filing of a Second Amended Complaint could delay the proceeding. Def. Obj. 15, 17.

The Court adopts the Report's conclusion that Stephens should be allowed to replead. "'When granting a motion to dismiss, courts ordinarily allow leave to replead,' especially where a *pro se* plaintiff's claims fail." *Piccolo v. New York City Campaign Fin. Bd.*, No. 05-CV-7040 (GBD), 2007 WL 2844939 at \*22, (S.D.N.Y. Sept. 28, 2007) (quoting *Sullivan v. Schweikhard*, 968 F. Supp. 910, 916 (S.D.N.Y. 1997)). Here, the Report accurately concludes that Stephens, having proceeded *pro se*, may be able to resubmit his deliberate indifference claim against Lee regarding the March 23, 2012 assault successfully. Stephens is, therefore, permitted to amend his complaint a second time.

## CONCLUSION

As this Court finds the parties' objections to the Report unavailing after reviewing them *de novo*, and finds no clear error in the remainder of the Report, it is adopted in full.

SO ORDERED.

Dated:     August 5, 2016
           New York, New York

Ronnie Abrams
United States District Judge