```
 1                      UNITED STATES DISTRICT COURT
                        SOUTHERN DISTRICT OF NEW YORK
 2

 3   ----------------------------------------X
                                              :
 4   BENJAMIN STEPHENS, JR.,                   : 13-CV-05779 (RA)
                                              :
 5                 Plaintiff,                  :
             v.                                :
 6                                             : 500 Pearl Street
     DONALD E. VENETOZZI, et al.,              : New York, New York
 7                                             :
                         Defendants.           : April 12, 2016
 8   ----------------------------------------X

 9
            TRANSCRIPT OF CIVIL CAUSE FOR TELEPHONE CONFERENCE
10                BEFORE THE HONORABLE DEBRA C. FREEMAN
                       UNITED STATES MAGISTRATE JUDGE
11


12
     APPEARANCES:
13
     For the Plaintiff:        GILA S. SINGER, ESQ.
14                             CHRISTOPHER STANLEY, ESQ.
                               Joseph Hage Aaronson LLC
15                             485 Lexington Avenue, 30th Floor
                               New York, New York 10017
16

17   For the Defendant:        STEVEN N. SCHULMAN, ESQ.
                               Office of the Attorney General
18                             120 Broadway, 24th Floor
                               New York, New York 10271
19

20
     Court Transcriber:        SHARI RIEMER, CET-805
21                             TypeWrite Word Processing Service
                               211 N. Milton Road
22                             Saratoga Springs, New York 12866

23

24

25



     Proceedings recorded by electronic sound recording,
     transcript produced by transcription service
```

2

1        THE COURT:  Hi.  It's Judge Freeman.
2   Hi, Your Honor.
3        THE COURT:  Good morning.  Who do I have?
4        MS. SINGER:  This is Gila Singer.  I'm for plaintiff
5   Benjamin Stephens, and with me is Christopher Stanley.
6        MR. SCHULMAN:  And Assistant Attorney General, Steve
7   Schulman for the defendants.  Good morning, Your Honor.
8        THE COURT:  Good morning.  I think I have some
9   unresolved discovery disputes.  Am I remembering correctly on
10  this case?
11       MS. SINGER:  At this point, Your Honor, we actually
12  don't have any pending discovery disputes.
13       THE COURT:  You don't?  How nice is that.  What is
14  going on in this case?  Somebody fill me in on what I need to
15  know.
16       MS. SINGER:  Well, we can just give you the general
17  updates which are that at our last conference we had discussed
18  the production of some grievance files against the defendants
19  in this case and defendants are working to produce those so
20  that has been moving forward.
21       Our motion -- the motions to dismiss are now fully
22  briefed.  We've -- both sides have submitted their objections
23  to your report and recommendations to Judge Abrams and
24  responses to those objections.  So we're waiting for a final
25  ruling on that.

3

1  THE COURT: Everybody had object --
2  MS. SINGER: We only objected to as to defendant
3 Lee.
4  THE COURT: If everybody objected to something maybe
5 it was a good opinion. You can't make everybody happy. You
6 can't make nobody happy. That's [inaudible].
7  MS. SINGER: So because neither side objected as to
8 your recommendation to deny the motion to dismiss as to Hann,
9 Snedeker and D'Angelico, we are moving forward with discovery
10 as to those defendants and we have depositions planned. We
11 submitted some requests for production of documents. That is
12 all progressing.
13  The close of discovery is now June 30th. So we're
14 moving forward toward that deadline.
15  THE COURT: Okay. Any possibility of talking about
16 settlement of this case? I know there are a lot of players.
17  MS. SINGER: We have open settlement discussions.
18 We've discussed it with our client. We've put forward an
19 opening settlement offer and it is being considered by the
20 defendants.
21  MR. SCHULMAN: Yes, Your Honor. I think once we've
22 taken the plaintiff's deposition which is currently scheduled
23 for May 5th we'll be able to be in a better position to
24 respond to the plaintiff's demand.
25  THE COURT: Okay. So if I can help on that front

4

1  let me know.
2             MS. SINGER:  We will.
3             THE COURT:  See how far you get on your own and if
4  you get to a point where there is serious interest but you're
5  having difficulty and you think you could use some assistance,
6  clue me in because there's nothing I can do about it if I
7  don't realize that there is -- that there is an issue or a
8  need.
9             Should we just set another follow up then and leave
10 you to your own devices for now?
11            MS. SINGER:  I think that sounds fine for us.
12            MR. SCHULMAN:  Yes, Your Honor.
13            THE COURT:  How far out makes sense?
14            MS. SINGER:  Should we -- well, if the close of
15 discovery is currently set for June 30th, approximately 30
16 days before that at the end of May.  So it might make sense to
17 schedule something for around then.
18            THE COURT:  My only question there is with respect
19 to settlement.  Does it make sense to do all of discovery
20 before you try to get the case resolved or to try to save a
21 little bit of money and -- it's potentially an attorney's fees
22 case even if it's [inaudible] counsel.  Perhaps on the
23 government side you might like to see if it's resolvable
24 before finishing all discovery.  Just a thought.
25            MR. SCHULMAN:  Your Honor, that's always an interest

                                                                        5

 1  for us.  We do need -- I've been asked to take plaintiff's
 2  deposition before we respond to the offer.  So --
 3            THE COURT:  I understand that but --
 4            MR. SCHULMAN:  That one is going to go --
 5            THE COURT:  I understand that but the question is do
 6  you need -- if we're going to put potential settlement on the
 7  agenda to talk about it, a follow up call, do you want to try
 8  to have that call before all discovery is complete just to see
 9  whether it might be possible to save some money?  I mean
10  there's discovery that you're going to have to do if the case
11  goes all the way forward and some discovery that may be less
12  important for you to do if you think the case might be
13  resolvable.
14            MR. SCHULMAN:  I think maybe -- I should discuss
15  with counsel for plaintiffs which depositions that they feel
16  they want to go forward with sooner rather than later and
17  which ones can wait.
18            THE COURT:  Here's what I would suggest.  What I
19  would suggest is be candid with each other about the witnesses
20  that you think you're going to need to depose.  Be candid
21  about what your priorities with settlement in mind.  Open
22  calendar and sort of sketch out a plan that gives yourself
23  some time to talk and that make sure that you're thinking
24  about those depositions that you might be holding off on for
25  right now but that you may eventually need to take and if you

6

1  sort of sketch out a plan and the plan is let's get this
2  deposition done, let's also get these couple of others done,
3  then let's see if we can have some serious settlement
4  conversations and then let's put the others on the calendar
5  for here, here, here and here if you have that concrete plan.
6  If that results in a slight adjustment of the schedule to
7  accommodate settlement talks and you're working well together
8  I'll consider it.  You may or may not need to do that.
9          You may be able to talk well and fast even with the
10 current deadline you've got in place but I do know there are a
11 lot of different actors here and a lot of different parts of
12 the story.  So that may slow down -- hopefully not but it may
13 slow down your settlement conversations.
14         So, anyway, think about it and have lines of
15 communication between you where you try to do something that
16 makes sense to both move the case and have a realistic shot at
17 settlement as well.
18         So for a follow call with that in mind, should we --
19 tell me again what your deadline is for discovery.  June --
20         MS. SINGER:  June 30th.
21         THE COURT:  I was going to say how about early June.
22         MS. SINGER:  I think that would work for us.
23         THE COURT:  Then you can tell me if you're talking
24 and if you think you want more time on the clock or if not or
25 whatever.  Mr. Schulman, what do you think?

7

```
 1            MR. SCHULMAN:  Yes, I think that -- I mean right
 2   now I have a trial that is on seven day notice not to begin
 3   before June 6th.  So -- but if it's not going to set before
 4   June 6th I certainly can participate in a brief telephone
 5   conference.
 6            THE COURT:  Sure.  Let me see.  How about June 1?
 7            MS. SINGER:  Perfect.
 8            MR. SCHULMAN:  June 1 is fine.
 9            THE COURT:  How about 10:30?
10            MS. SINGER:  That's fine for me.
11            MR. SCHULMAN:  10:30 is fine.
12            THE COURT:  Okay.  So I'll just make a note that on
13   this next call I'm going to be asking you about the status of
14   settlement conversations and whether I can be of any
15   assistance.  So have that in mind and be prepared to answer
16   that question when I talk to you next.  Obviously if you've
17   got any other discovery issues that come up don't wait.  Let
18   me know after -- after your full good faith conference let me
19   know if you've got a problem so that it doesn't wait until the
20   end of discovery to get that resolved if you do have an issue.
21            MS. SINGER:  We will.  Thank you, Your Honor.
22            THE COURT:  Carry on then.  Take care.
23                         * * * * *
24
25
```

8

1     I certify that the foregoing is a court transcript from
2 an electronic sound recording of the proceedings in the above-
3 entitled matter.

6                            Shari Riemer, CET-805
7 Dated:  November 22, 2016