UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BENJAMIN STEPHENS, JR., | |
| Plaintiff, | |
| v. | No. 13-CV-5779 (RA) |
| D. VENETTOZZI, et al., | ORDER |
| Defendants. | |

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 9/29/2020

RONNIE ABRAMS, United States District Judge:

Plaintiff Benjamin Stephens filed this action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was incarcerated at Green Haven Correctional Facility.  Plaintiff's claims are asserted against remaining Defendants Mark Tokarz, Robert Cocuzza, Sr., Richard Smith II, Ronald Corbin II, William Lee, Michael Mrzyglod, Sean Carlson, Robert Snedeker, and Daniel D'Angelico.  Trial in this action is scheduled to begin on February 1, 2021.  On October 2, 2019, Defendants filed a motion to sever under Federal Rule of Civil Procedure 21 or, alternatively, for separate trials under Federal Rule of Civil Procedure 42(b), seeking an order that four separate trials be conducted—one for each of the incidents that occurred on August 14, 2010, September 20, 2010, November 1, 2011, and March 23, 2012.  *See* Dkt. 325. Plaintiff filed his opposition on March 7, 2020, *see* Dkt. 340, and Defendants replied on June 5, 2020, *see* Dkt. 347.

Federal Rule of Civil Procedure 21 provides that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever a claim against a party." Federal Rule of Civil Procedure 42(b) provides that, "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims,

crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). "A motion to separate trials under Rule 42 is determined under the same principles used in connection with a motion to sever claims under Rule 21." *Hannah v. Wal-Mart Stores, Inc.*, No. 12-CV-01361 (VAB), 2017 WL 68617, at *2 (D. Conn. Jan. 6, 2017). To prevail on such a motion, courts consider the following factors: "(1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims." *N. Jersey Media Grp. Inc. v. Fox News Network, LLC*, 312 F.R.D. 111, 114 (S.D.N.Y. 2015) (quoting *Oram v. SoulCycle LLC*, 979 F. Supp. 2d 498, 502-03 (S.D.N.Y. 2013). "The moving party bears the burden of demonstrating that 'severance is required to avoid prejudice or confusion and to promote the ends of justice.'" *Id.* (quoting *Agnesini v. Doctor's Assoc., Inc.*, 275 F.R.D. 456, 458 (S.D.N.Y. 2011)). District courts have broad discretion in deciding whether to sever claims under Rule 21 or grant separate trials under Rule 42(b). *See New York v. Hendrickson Bros., Inc.*, 840 F.2d 1065, 1082 (2d Cir. 1988); *Jeanty v. Cty. of Orange*, 379 F. Supp. 2d 533, 549 (S.D.N.Y. 2005).

Applying the factors set forth above, Defendants have not met their burden of establishing that severance under Rule 21 nor an order for separate trials under Rule 42 is appropriate here. The Court is, however, prepared to provide specific instructions to the jury to mitigate any concerns of prejudice at trial. The Court will further articulate its reasoning for this decision at the final pre-trial conference.

Accordingly, Defendants' motion is denied.  The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 325.

SO ORDERED.

Dated:     September 29, 2020
           New York, New York

_____
Ronnie Abrams
United States District Judge